Christian Contreras, Esq. (SBN 330269)
  *CC@Contreras-Law.com*
**LAW OFFICES OF CHRISTIAN CONTRERAS**,
**A PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Office: (323) 435-8000
Fax: (323) 597-0101

Attorneys for Plaintiff,
ANTHONY ARMENDARIZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARMENDARIZ, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO, municipal entity; DOE SAN BERNARDINO DEPUTY; and DOES 1-10, inclusive<br><br>　　　　　　Defendants. | **CASE NO.: 5:22-cv-2124**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable & Excessive Force, (42 USC § 1983);<br>2. Deprivation of Substantive Due Process (42 USC § 1983);<br>3. Municipal Liability Based on Unconstitutional Policy/Custom (42 USC § 1983);<br>4. Municipal Liability Based on Failure to Train (42 USC § 1983)<br><br>**DEMAND FOR JURY TRIAL** |



# INTRODUCTION

1. This is a civil rights action seeking monetary relief against the COUNTY OF SAN BERNARDINO (hereinafter sometimes "COUNTY") and DOE SAN BERNARDINO DEPUTY (hereinafter sometimes "DOE DEPUTY") for engaging in violations of the Fourth Amendment, Fourteenth Amendment, as well as maintaining unconstitutional customs and practices with respect to its sheriff's department, San Bernardino Sheriff's Department (hereinafter sometimes "SBSD").

2. In committing such civil rights violations, COUNTY and its conspirator defendants, are targeting, whether directly or indirectly, innocent members of the public who face serious repercussions based upon COUNTY's capricious policies and arbitrary actions against such individuals.

3. By this Complaint, Plaintiff seeks judicial redress for violations of her civil rights due to unreasonable seizures under the Fourth Amendment of the United States Constitution.

4. Accordingly, judicial intervention is imperative in this matter to end Defendants' illegal practices which have, and continue to, impact the lives of many.

# JURISDICTION

5. Plaintiff's claims arise under 42 U.S.C. § 1983. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

6. A substantial part of the events giving rise to the claims alleged in this Complaint arose in the City of Rancho Cucamonga, California. Venue therefore lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 84(c), 28 U.S.C. § 1391(b)(2).

///

///



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# PARTIES

7. Plaintiff ANTHONY ARMENDARIZ (hereinafter sometimes "ARMENDARIZ") is, and at all relevant times herein mentioned was, a resident of the County of San Bernardino.

8. Defendant COUNTY OF SAN BERNARDINO is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the San Bernardino Sheriff's Department, and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the SBSD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

9. Defendant DOE SAN BERNARDINO DEPUTY was and is a sheriff deputy with the San Bernardino Sheriff's Department, and he is sued in his individual and official capacity.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

11. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein defendants, including DOE defendants, and each of them, were the agents, servants, couriers and employees of other defendants, and were acting in concert with each other and in furtherance of a common goal and/or objective, were acting within the course and scope of the agency

1  and employment or ostensible agency and employment.

2      12.   The complained of acts and omissions were performed by persons within the course and scope of employment with their employer, COUNTY. All acts and omissions were under color of state law.

### FACTUAL STATEMENT

13. On May 14, 2022, Defendants DOE SAN BERNARDINO DEPUTY and DOE 1 pulled over ANTHONY ARMENDARIZ over an alleged minor traffic violation.

14. ANTHONY ARMENDARIZ complied with Defendant DOE SAN BERNARDINO DEPUTY and pulled over without incident.

15. At the time ANTHONY ARMENDARIZ was pulled over and throughout the course of his interactions with Defendant DOE SAN BERNARDINO DEPUTY, there was never a report of a crime, there was no ongoing crime, and ANTHONY ARMENDARIZ was not engaging in any criminal activity. Indeed, ANTHONY ARMENDARIZ never did anything to threaten any member of the public nor Defendants DOE SAN BERNARDINO DEPUTY and DOE 1.

16. Thereafter, ANTHONY ARMENDARIZ stepped out his vehicle and was physically detained by Defendant DOE SAN BERNARDINO DEPUTY.

17. Again, ANTHONY ARMENDARIZ was compliant and even had his hands behind his back when Defendant DOE SAN BERNARDINO DEPUTY was detaining ANTHONY ARMENDARIZ.

18. Abruptly and without any justification whatsoever, Defendant DOE SAN BERNARDINO DEPUTY used unreasonable and excessive force on ANTHONY ARMENDARIZ when Defendant DOE SAN BERNARDINO DEPUTY used his right arm to strike ANTHONY ARMENDARIZ and pummel him to the floor.



19. Despite ANTHONY ARMENDARIZ not doing anything to threaten Defendants DOE SAN BERNARDINO DEPUTY and DOE 1 in any form, DOE SAN BERNARDINO DEPUTY essentially "clotheslined" ANTHONY ARMENDARIZ abruptly for no justifiable reason. The deputy essentially tackled ANTHONY ARMENDARIZ to the floor causing ANTHONY ARMENDARIZ injury.

20. The assault by Defendant DOE SAN BERNARDINO DEPUTY was done malicious and with the intent to harm ANTHONY ARMENDARIZ since ANTHONY ARMENDARIZ did not do anything to prompt such a vicious and aggressive physical attack. Fortunately, the attack by Defendants DOE SAN BERNARDINO DEPUTY was caught on video and the assault is clearly depicted in the video.

21. The screenshots below depict when DOE DEPUTY used excessive force against ANTHONY ARMENDARIZ.




# FIRST CLAIM FOR RELIEF
## FOR UNREASONABLE & EXCESSIVE FORCE
## (42 USC § 1983)
### (By Plaintiff Against Defendants DOE SAN BERNARDINO DEPUTY & DOES 1-5, Inclusive)

22. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23. On May 14, 2022, DOE SAN BERNARDINO DEPUTY, while acting under color of law, used force against ANTHONY ARMENDARIZ when he violently struck and threw ANTHONY ARMENDARIZ on the floor for no justifiable reason. Indeed, ANTHONY ARMENDARIZ had his hands behind his back and was defenseless when DOE SAN BERNARDINO DEPUTY attacked him.

24. Absolutely no circumstances existed to justify DOE SAN BERNARDINO DEPUTY's use of force against ANTHONY ARMENDARIZ. In fact, ANTHONY ARMENDARIZ was not resisting, evading arrest, not presenting any type of threat to the safety of the deputies.

25. Even if there had been some cause to use force, DOE SAN BERNARDINO DEPUTY's spiteful and violent attack on ANTHONY ARMENDARIZ, such use of force would have nevertheless, and in fact did, exceed all bounds of objective reasonableness and necessity under the given circumstances, and clearly in violation of the Fourth Amendment.

26. Furthermore, Plaintiff ANTHONY ARMENDARIZ claims that when DOE SAN BERNARDINO DEPUTY used excessive force, Defendants DOES 1-5 failed to intervene in, and in fact encouraged, this unnecessary use of force, in violation of the Fourth Amendment to the United States Constitution.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

27. As a direct and proximate result of Defendant DOE SAN BERNARDINO DEPUTY's unprovoked attack and Defendants DOES 1-5's complete failure to intervene, ANTHONY ARMENDARIZ was injured, was required to obtain medical treatment and continues to suffer emotional distress.

28. Accordingly, Plaintiff by this action, further claims all of his attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

29. Defendants' willful and conscious disregard of ANTHONY ARMENDARIZ's rights and safety, if not disdain for her existence, subjected her to cruel and unjust hardship. Therefore, Defendants' conduct was malicious and oppressive for which ANTHONY ARMENDARIZ is entitled to recover punitive damages, in addition to compensation for his physical and emotional pain and suffering, to make an example of their despicable conduct.

## SECOND CLAIM FOR RELIEF

## FOR DEPRIVATION OF SUBSTANTIVE DUE PROCESS

## (42 USC § 1983)

**(By Plaintiff Against Defendants DOE SAN BERNARDINO DEPUTY & DOES 1-5, Inclusive)**

30. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

31. Plaintiff ANTHONY ARMENDARIZ has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the Plaintiff and/or by



being a purpose to harm unrelated to any legitimate law enforcement objective.

32. The actions of Defendants DOE SAN BERNARDINO DEPUTY and DOES 1-5, inclusive, on May 14, 2022, along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience, and interfered with the rights of Plaintiff, in that said Defendants had time to deliberate and then used force excessive force upon Plaintiff without probable or justification, in the form of a brutal beating.

33. Indeed, as already explained herein, Defendant DOE SAN BERNARDINO DEPUTY used excessive force on Plaintiff ANTHONY ARMENDARIZ causing severe injuries to him. Defendant DOE SAN BERNARDINO DEPUTY's use of force was unjustified, excessive, unreasonable, and committed to harm ANTHONY ARMENDARIZ.

34. The aforementioned conduct established that there was a purpose to harm unrelated to law enforcement objectives. At the very least, Defendants DOE SAN BERNARDINO DEPUTY and DOES 1-5, inclusive, acted with deliberate indifference to the rights of Plaintiff ANTHONY ARMENDARIZ.

35. The foregoing conduct shocks the conscience and with a purpose to harm unrelated to any legitimate law enforcement objective in violation of Plaintiff's Fourteenth Amendment rights.

36. As a direct and proximate result of Defendant DOE SAN BERNARDINO DEPUTY's unprovoked attack and Defendants DOES 1-5's complete failure to intervene, ANTHONY ARMENDARIZ was injured, was required to obtain medical treatment and continues to suffer emotional distress.

37. Accordingly, Plaintiff by this action, further claims all of his attorneys' fees and costs incurred and to be incurred in Plaintiff presenting,



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

maintaining and prosecuting this action under 42 U.S.C. Section 1988.

38. Defendants' willful and conscious disregard of ANTHONY ARMENDARIZ's rights and safety, if not disdain for her existence, subjected her to cruel and unjust hardship. Therefore, Defendants' conduct was malicious and oppressive for which ANTHONY ARMENDARIZ is entitled to recover punitive damages, in addition to compensation for his physical and emotional pain and suffering, to make an example of their despicable conduct.

**THIRD CLAIM FOR RELIEF**

**FOR MUNICIPAL LIABILITY – POLICY OR CUSTOM**

**(42 USC § 1983)**

**(By Plaintiff as Against Defendant COUNTY)**

39. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

40. The present cause of action is brought under 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant case law and precedent, under which Defendant COUNTY is liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiff's constitutional violations.

41. At all relevant times, Defendant DOE SAN BERNARDINO DEPUTY was acting in the course of their employment with the Defendant COUNTY, under color of law. The actions and omissions of Defendant DOE SAN BERNARDINO DEPUTY deprived ANTHONY ARMENDARIZ of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant, prior claims for relief.

42. On information and belief, Defendant DOE SAN BERNARDINO DEPUTY's unjustified use of force on ANTHONY ARMENDARIZ was



found to be within COUNTY policy. On information and belief, Defendant DOE SAN BERNARDINO DEPUTY's unjustified use of force on ANTHONY ARMENDARIZ was ratified by the COUNTY.

43. On information and belief, Defendant DOE SAN BERNARDINO DEPUTY was not disciplined for the unjustified use of force on ANTHONY ARMENDARIZ.

44. On and for some time prior to May 14, 2022 (and continuing to the present date), Defendants COUNTY and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

   A. Permitting deputies such as DOE SAN BERNARDINO DEPUTY to use force on individuals such as ANTHONY ARMENDARIZ when such individuals are not a threat to the safety of deputies;

   B. Employing and retaining as deputy sheriffs and other personnel, including DOE SAN BERNARDINO DEPUTY whom Defendants COUNTY, and Does 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written department policies, including the use of excessive force;

   C. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY employees and other personnel, including DOE SAN BERNARDINO DEPUTY whom Defendants COUNTY and Does 6-10 knew or in the exercise of reasonable care should have known had the violent propensities and character traits, including the propensity for violence and the use

of excessive force;

D. Permitting deputies such as DOE SAN BERNARDINO DEPUTY to use force on individuals such as ANTHONY ARMENDARIZ when such individuals are verbally expressing disdain for law enforcement;

E. Permitting deputies such as DOE SAN BERNARDINO DEPUTY to use force on individuals such as ANTHONY ARMENDARIZ when such individuals are not a threat to the safety of deputies; and

F. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DOE SAN BERNARDINO DEPUTY and other DOE Deputies, who are deputies and/or agents of COUNTY and SBSD;

45. By reason of the policies and practices of Defendants COUNTY, and DOES 6-10, ANTHONY ARMENDARIZ was injured and subjected to pain and suffering. These policies and practices were a substantial moving force that caused DOE SAN BERNARDINO DEPUTY to violate the rights of ANTHONY ARMENDARIZ, as well as the moving force behind his injuries.

46. Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.



47. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and Does 6-10 acted with intentional, reckless, and callous disregard of Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and Does 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

48. Accordingly, the Defendant COUNTY is liable for the injuries and rights violations perpetrated by its employees, agents, representatives, and/or officers, including the individual defendant DOE SAN BERNARDINO DEPUTY, on account of the unconstitutional policies, practices, and customs that precipitated these harms, as set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY – FAILURE TO TRAIN
## (42 USC § 1983)
## (By Plaintiff as Against Defendant COUNTY)

49. Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50. The present cause of action is brought under 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant case law and precedent, under which Defendant COUNTY is liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiff's constitutional violations.

///



51. Plaintiff ANTHONY ARMENDARIZ claims that she was deprived of his civil rights as a result of the Defendant COUNTY's failure to train its employees, including DOE SAN BERNARDINO DEPUTY.

52. At all relevant times, Defendant DOE SAN BERNARDINO DEPUTY was acting in the course of their employment with the Defendant COUNTY, under color of law. The actions and omissions of DOE SAN BERNARDINO DEPUTY deprived ANTHONY ARMENDARIZ of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant, earlier causes of action.

53. The COUNTY's training of Defendant DOE SAN BERNARDINO DEPUTY did not adequately instill the necessary discipline, restraint, and respect for civil rights required of enforcement personnel, especially in light of the COUNTY's decision to continue to employ DOE SAN BERNARDINO despite his violent propensities.

54. This failure of the COUNTY to provide adequate training caused the variously alleged deprivations of ANTHONY ARMENDARIZ' rights by the individual defendants; that is, the COUNTY's failure to train is so closely related to the deprivation of ANTHONY ARMENDARIZ' rights as to be the moving force that caused her ultimate injuries.

55. Clearly, Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

56. Accordingly, the Defendant COUNTY is liable for the rights violations perpetrated by its employees, agents, representatives, or officers, including Defendant DOE SAN BERNARDINO, on account of the unacceptable failures in their training that precipitated the various harms set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein.

///



# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests entry of judgment in his favor and against Defendants as follows:

A. For general damages, including but not limited to physical, mental, and emotional pain and suffering in an amount to be determined according to proof at trial;

B. For punitive and exemplary damages against the individual defendants;

C. For the reasonable costs and attorneys' fees incurred in bringing this suit, as authorized under 42 USC § 1983;

D. For prejudgment interest pursuant in an amount to be determined according to proof at trial.

E. For all other damages allowed under federal law; and

F. For such further relief as the Court may deem proper and just.

Dated: November 29, 2022        **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                **A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorney for Plaintiff,
ANTHONY ARMENDARIZ

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims for relief.

Dated: November 29, 2022        **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                **A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorney for Plaintiff,
ANTHONY ARMENDARIZ

